IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| FELIX MORENO-GARCIA,<br>BOP ID 25855-379,<br>    Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL ACTION FILE<br>NO. 4:14-CR-28-1-HLM-WEJ<br><br>CIVIL ACTION FILE<br>NO. 4:15-CV-175-HLM-WEJ |

## **FINAL REPORT AND RECOMMENDATION**

Proceeding pro se in August 2015, Felix Moreno-Garcia filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See Motion to Vacate [42].  Mr. Moreno-Garcia alleged therein that Vionette Johnson, the Federal Public Defender assigned to represent him in a criminal case, had provided ineffective assistance because he specifically requested that she file a notice of appeal on his behalf, "but [she] failed to do [so]." Id. at 4. The government conceded that a limited evidentiary hearing was required on this claim.  See Response [48] at 1.

The undersigned appointed post-conviction counsel to represent Mr. Moreno-Garcia, see [51], and held an evidentiary hearing in February 2016, at

which Mr. Moreno-Garcia and Ms. Johnson testified, see Feb. 19, 2016 Hearing Transcript [54].  Post-conviction counsel for Mr. Moreno-Garcia requested two extensions of time to file a post-hearing brief, which the undersigned granted.  See Oral Order of Apr. 11, 2016, and Oral Order of Apr. 21, 2016.  Mr. Moreno-Garcia's post-conviction counsel filed a brief, see [57], to which the government responded, see [59].  Mr. Moreno-Garcia also filed pro se a Motion/Request Asking for the Outcome/Judg[]ment of Evidentiary Hearing Petition, see Motion/Request [56], and a Traverse/Motion, see [60], replying to the government's post-hearing brief.

This matter is now before the Court for decision.

It is black-letter law that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  Mr. Moreno-Garcia testified that he gave such specific instructions, or that, even if he did not, it was understood that he wished to file a notice of appeal.  See Feb. 19, 2016 Hearing Transcript at 9 & 21-23.  Ms. Johnson testified that Mr. Moreno-Garcia gave no such specific instructions, but rather that she and he discussed the resolution of the case and he decided not to appeal.  See id. at 38-39, 42 & 46.  Ms.

Johnson also testified that if Mr. Moreno-Garcia had requested that she file an appeal, she would have done so as a matter of course. See id. at 27, 39 & 42. Consequently, this case turns on a determination of which of these two diametrically-opposed versions of events is more credible.

Having observed the witnesses and reviewed the record of prior proceedings, the undersigned finds and concludes that Mr. Moreno-Garcia did not instruct Ms. Johnson, explicitly or otherwise, to file an appeal, but rather that they consulted with one another and Mr. Moreno-Garcia knowingly and voluntarily elected not to pursue an appeal. The undersigned notes in particular that (1) Ms. Johnson was the more credible witness, (2) Mr. Moreno-Garcia's testimony was vague, evasive, and in conflict with his sworn testimony during the change-of-plea and sentencing hearings, and (3) Ms. Johnson wrote a letter to Mr. Moreno-Garcia shortly after he was sentenced confirming his decision not to file an appeal. See id. at 41 (discussion of letter).

Accordingly, the undersigned **RECOMMENDS** that Mr. Moreno-Garcia's Motion to Vacate [42] be **DENIED**.

Because Mr. Moreno-Garcia has not identified any reasonably debatable ground for relief, he does not meet the requisite standard for issuance of a

3

Certificate of Appealability.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); see also Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the Slack v. McDaniel standard will be strictly applied prospectively).

Accordingly, the undersigned **RECOMMENDS** that a Certificate of Appealability be **DENIED**.

Mr. Moreno-Garcia's Motion/Request [56] is **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO RECOMMENDED**, this 29th day of August, 2016.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

4