IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FELIX MORENO-GARCIA,

v.

CRIMINAL ACTION FILE
NO.: 4:14-CR-28-01-HLM-WEJ

CIVIL ACTION FILE NO.:
4:15-CV-0175-HLM-WEJ

UNITED STATES OF AMERICA.

ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, which Petitioner filed under 28 U.S.C.A. § 2255 ("§ 2255 Motion") [42], and on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [62].

AO 72A
(Rev.8/8
2)

## I. Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely

AO 72A
(Rev. 8/8
2)

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II.   Background

On September 14, 2015, the Clerk received Petitioner's § 2255 Motion. (Docket Entry No. 42.) In that § 2255 Motion, Petitioner complained that he directed his counsel to file a notice of appeal on his behalf, but that counsel failed to do so. (See generally id.) On February 19, 2016, Judge Johnson held an evidentiary hearing on the § 2255 Motion. (Docket Entry Nos. 53-54.)

AO 72A
(Rev.8/8
2)

On August 29, 2016, Judge Johnson issued his Final Report and Recommendation. (Docket Entry No. 53.) Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion. (Id.)

Petitioner has not filed Objections to the Final Report and Recommendation. (See generally Docket.) The time period in which Petitioner could file Objections has expired, and the Court concludes that the matter is ripe for resolution.[1]

---

[1] On September 12, 2016, the Court entered an Order directing the Clerk to mail Petitioner another copy of the Final Report and Recommendation. (Order of Sept. 12, 2016 (Docket Entry No. 66).) The Court advised Petitioner that Judge Johnson issued the Final Report and Recommendation, which recommended that the Court deny the § 2255 Motion, on August 29, 2016, and that Petitioner's Objections were due within fourteen days after service of the Final Report and Recommendation. (Id.) The Clerk mailed the September 12, 2016, Order and another copy of the Final Report and Recommendation to Petitioner as directed. (Unnumbered Docket Entry Dated Sept. 12, 2016.)

## III. Discussion

The Court has reviewed the Final Report and Recommendation and the record in this case, including the transcript from the evidentiary hearing. Based on that review, the Court cannot find that Judge Johnson's credibility determinations and findings are erroneous. (Final Report & Recommendation (Docket Entry No. 62) at 3.) Specifically, the Court agrees with Judge Johnson's finding that Petitioner did not instruct his attorney, Vionette Johnson, explicitly or otherwise to file an appeal, but, instead, that Petitioner and Ms. Johnson consulted with one another and Petitioner knowingly and voluntarily elected not to pursue an appeal. (Id.) Under those circumstances, Ms. Johnson did not provide ineffective assistance of counsel by failing to file a notice of appeal on Petitioner's behalf, and

5

Petitioner is not entitled to relief under § 2255.  (Id.) Further, for the reasons set forth in the Final Report and Recommendation, the Court declines to issue a certificate of appealability.  (Id. at 3-4).  The Court therefore adopts the Final Report and Recommendation, and denies Petitioner's § 2255 Motion.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [62], and **DENIES** Petitioner's § 2255 Motion [42].  The Court **DECLINES** to issue a certificate of appealability.   Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with the § 2255 Motion:

AO 72A
(Rev.8/8
2)

Civil Action File No. 4:15-CV-0175-HLM-WEJ.

IT IS SO ORDERED, this the 30 day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE